# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-6854 RGK (MRW) | Date | August 17, 2018 |
| Title | Pines v. Director of Atascadero | | |

Present: The Honorable **Michael R. Wilner**

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None present | None present |

**Proceedings:** ORDER TO SHOW CAUSE RE: DISMISSAL

1. Plaintiff is a state prisoner currently housed at the state mental health facility in Atascadero, California. He filed a civil rights action (originally presented in the federal court in the Northern District of California, later transferred to the Central District for venue reasons) alleging that he and other similarly situated inmates are being held illegally. (Docket # 1, 8.) He also submitted an application to proceed in forma pauperis. (Docket # 5.)

2. Regardless of the Court's evaluation of the IFP application, it has a statutory obligation to review a civil pleading and "shall dismiss the case at any time if the court determines that [ ] the action or appeal is frivolous or malicious or fails to state claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(A-B). (Note: this review is unrelated to the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915A.)

3. Plaintiff's civil complaint is replete with pleading problems. As Judge Illston noted in the order transferring the case to this district, a pro se litigant may not bring a class action on behalf of other individuals. (Docket # 8 at 2.) Plaintiff's allegations against various named defendants are obviously conclusory, fail to plead specific facts regarding his claim, and do not clearly explain how his constitutional rights have allegedly been violated. Moreover, his cursory reference to Bivens is confusing and gratuitous; a Bivens action is limited to recovery against a federal agent in the absence of a statute (such as 42 U.S.C. § 1983) that permits recovery for a constitutional violation. Carlson v. Green, 446 U.S. 14, 18 (1980).

4. But the clearest problem with Plaintiff's proposed action: the act of filing it may violate the terms of his criminal plea agreement. The San Diego District Attorney's Office provided this Court with a certified copy of the plea agreement in Plaintiff's original criminal action. (Docket # 6.) One of the conditions that Plaintiff (a former attorney) acknowledged as part of his written plea and sentence was an express agreement that he "may not and will not initiate any civil actions of any kind, as an in propria persona or as a pro se litigant in any state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6854 RGK (MRW) | Date | August 17, 2018 |
|---|---|---|---|
| Title | Pines v. Director of Atascadero | | |

or federal court located within the State of California without the express prior approval of the presiding judge of the Court in which the contemplated action would be filed." (Docket # 6 at 6.)

     5.    Based on the Court's review of the docket, it appears that Plaintiff neither sought nor received the advance approval of any judge to commence this case. Moreover, the Court is concerned that Plaintiff's act of filing the lawsuit could be considered a violation of his plea agreement (potentially exposing Plaintiff to resentencing) or a violation of post-release parole or supervision.

     6.    The Court therefore has considerable doubt that Plaintiff is entitled to maintain or pursue this civil action. To properly evaluate this matter under Section 1915(e), the Court orders Plaintiff to show cause why the action should not be summarily dismissed based on the terms of his criminal plea agreement. Plaintiff's response to this order (not to exceed five pages) will be due by September 12. The Court will take no further action regarding this case until it receives and reviews Plaintiff's submission.

     7.    <u>Alternatively</u>, Plaintiff may voluntarily dismiss this action with no further consequence pursuant to Federal Rule of Civil Procedure 41. The Clerk is directed to provide Mr. Pines with a copy of Form CV-09 (Notice of Dismissal).

**Failure to file a timely submission as directed above will result in a recommendation that this action be dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**