# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL T. PINES,<br><br>        Plaintiff,<br><br>        v.<br><br>DIR. of ATASCADERO STATE HOSPITAL, et al.,<br><br>        Defendants. | Case No. CV 18-6854 RGK (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT LEAVE TO AMEND** |

The Court denies Plaintiff's request for in forma pauperis treatment and dismisses the action without leave to amend.

\* \* \*

1.    Plaintiff is currently housed at the state mental health facility in Atascadero, California. He filed a civil rights class action (originally presented in the federal court in the Northern District of California, later transferred to the Central District for venue reasons) alleging that he and other similarly situated inmates are being held illegally. (Docket # 1, 8.) He also submitted an application to proceed in forma pauperis. (Docket # 5.)

2. Plaintiff is a disbarred attorney with considerable admitted mental health problems. (Docket # 14 at 1-2.) He purports to bring this action on behalf of a class of inmates and detainees in state hospitals. (Docket # 1 at 3.) The gist of his claim is that individuals at the facility are allegedly held "beyond their proper release date." (Id.) Plaintiff estimates that the class he wishes to represent consists of more than 100,000 members. (Id.)

3. Plaintiff's original complaint was effectively screened twice. District Judge Illston of the Northern District of California noted several key problems with the complaint in an order transferring the case to the Central District. (Docket # 8.) When the action was opened in this district, Magistrate Judge Wilner issued an order to show cause why the action should not be dismissed for the reasons stated in Judge Illston's order and additional observed defects with the complaint. (Docket # 11.) Those reasons collectively included: Plaintiff's inability to represent a class of individuals; the conclusory nature of the complaint; and the failure to plead specific facts regarding his claims.[1]

4. After this Court issued the OSC, Plaintiff filed a First Amended Complaint. The FAC purports to represent the same class of state hospital detainees and inmates. The amended complaint offers no specific facts about Plaintiff or any of the detainees. In fact, the amended complaint is considerably shorter and more conclusory than the original, defective pleading (one-and-a-half pages v. five pages).

---

[1] The screening orders also noted that Plaintiff's action likely violated the terms of his Superior Court criminal plea agreement that prohibited him from initiating new civil cases. (Docket # 6-7.) In his recent submission, Plaintiff variously contends that: (a) he doesn't remember this provision, (b) he may have challenged the term on appeal, and (c) his recovery from his mental health conditions makes the prohibition invalid. (Docket # 14 at 1-2.) Because of the other obvious problems with Plaintiff's complaints, the Court need not take up the question of enforcing Plaintiff's criminal plea agreement in this federal court.

5.  Neither the FAC nor Plaintiff's response to the OSC addresses the propriety of a pro se litigant acting on behalf of a class as flagged in the Illston and Wilner screening orders.

* * *

6.  A federal court has a statutory obligation to review a civil pleading and "shall dismiss the case at any time if the court determines that [ ] the action or appeal is frivolous or malicious or fails to state claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(A-B).

7.  A pro se litigant has no ability to bring a class action on behalf of others. McShane v. United States, 366 F.2d 286 (9th Cir. 1966); Robertson v. Republic of Nicaragua, 719 F. App'x 705 (9th Cir. 2018) (same). This prohibition "becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se." Neal v. California, 2018 WL 4182522 at *7 (E.D. Cal. 2018) (citing cases); Adams v. California Correctional Institution, No. ED CV 16-1678 AB (KKx), 2017 WL 2802731 at n.7 (C.D. Cal. 2017) (dismissing prisoners' class action claims).

8.  A complaint may be dismissed for failure to state a claim based on the lack of a cognizable legal theory or the absence of facts alleged under such a theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must contain enough facts to establish a "plausible" entitlement to relief that is more than merely speculative. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A pleading will be rejected if it offers labels, conclusions, or a formulaic recitation of the elements of a cause of action. Id.

9.  Both of Plaintiff's complaints must be dismissed. Plaintiff vaguely claims that a massive group of individuals are being held illegally in state mental health facilities. Yet, in neither his original complaint nor his amended pleading does Plaintiff offer any facts or comprehensible information to support the

contention that he or anyone else is improperly in custody. As a result, the complaints patently fail to state a claim upon which relief could plausibly be granted. Iqbal, 556 U.S. at 678.

10. And, despite the clear statements of the screening judges, Plaintiff continues to assert class claims event though he has no ability or entitlement to do so. McShane, 366 F.2d 286; Robertson, 719 F. App'x 705; Neal, 2018 WL 4182522 at *7. Plaintiff made no effort to explain why he continued to assert his frivolous request to represent others in this way.

\* \* \*

11. A pro se litigant is ordinarily entitled to amend a defective complaint in an effort to state a proper claim for relief. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000). However, this rule does not apply when "the basic facts are alleged and have been analyzed" from a litigant's pleadings and it is apparent that that Plaintiff "cannot cure the flaws" in his claims. Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002).

12. Federal Rule of Civil Procedure 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

1. 13. The Court concludes that these factors warrant dismissal of the action without further leave to amend. Plaintiff previously received two detailed screening orders explaining the obvious defects with his pleadings. He failed to cure those flaws, and continues to assert his improper pro se class claims. Because Plaintiff cannot plausibly advance a class claim as a matter of law – the sole issue raised in the original and amended complaints – there is no reason to allow further amendment. Lopez, 203 F.3d 1122; Lipton, 284 F.3d at 1039; Robertson, 719 F. App'x 705 (affirming dismissal of pro se class complaint).

14. Plaintiff's violation of Rule 41 also supports dismissal of the action. Despite clear instructions from the Court, Plaintiff's amended complaint (a) reasserted his frivolous class claim, (b) failed to give a colorable reason for its inclusion, and (c) gave fewer facts about the claim than its inadequate predecessor pleading. The public, the court, and any to-be-served defendant are entitled to be free of such frivolous litigation. To that end, Plaintiff offered no non-speculative pleading basis to conclude that he or others are truly being held in violation of the Constitution. And, given Plaintiff's personal circumstances and patent inability to properly plead a claim in light of the Court's instructions, no remedy short of dismissal seems appropriate to advance the disposition of the case.[2] Omstead, 594 F. 3d at 1084; Carey, 856 F.2d at 1440.

---

[2] Plaintiff claims that he "thought counsel would be appointed" to represent him in this action pursuant to 18 U.S.C. § 3006A. (Docket # 14 at 1.) That statute applies only to federal criminal defendants in ongoing criminal cases, not state detainees seeking to pursue civil litigation. Further, the Court has no basis to exercise its discretion to appoint civil counsel in this case. Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004); 28 U.S.C. § 1915(e)(1).

Therefore, Plaintiff's request for <u>in forma pauperis</u> status is DENIED. The present action is hereby DISMISSED without leave to amend.

IT IS SO ORDERED.

Dated: September 28, 2018

*Gary Klausner*
_____
HON. R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE


Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE